# IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY MCDOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 07-673 |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, U.S. POSTAL SERVICE ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

**I.    Nature of Lawsuit**

On November 2, 2007 Plaintiff Tracy McDowell ("Plaintiff") filed a Complaint against John E. Potter, Postmaster General, U.S. Postal Service ("Defendant"). Specifically, Plaintiff's complaint alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. 2000(e)-16, et seq., for hostile work environment (Count I), sex discrimination (Count II), and retaliation (Count III). Defendant filed a partial motion to dismiss two of Plaintiff's hostile work environment claims for failure to state a claim upon which relief can be granted. In particular, Defendant seeks to dismiss Plaintiff's 2003 and 2004 hostile work claims asserting that she failed to exhaust her administrative remedies as to said claims, rendering them untimely. As to Plaintiff's 2003 and 2004 claims at issue in the this case, Plaintiff first filed a complaint with the EEO on July 29, 2004 alleging she was subjected to harassment and a hostile work environment. (Docket No. 16-2 at p. 9). As stated in the Postal Services final decision regarding Plaintiff's July 29, 2004 discrimination complaint, Plaintiff alleged the following:

1

"(1) on March 14, 2004, Supervisor Bartka[1] issued her a Letter warning for Failure to Follow Standard Operating Perocedures; (2) on June 17 2004, Supervisor Bartka denied her request for leave without pay; (3) on July 9, 2004, she was spoken to in a rude manner by Supervisor Bartka (4) on July 14, 2004, her request for leave for a religious observance was denied by Supervisor Bartka; (5) on July 25, 2004 Officer- in-Charge Klamet gave her an official discussion for leaving her work area during the first hour of work; (6) on July 29, 2004, Supervisors Ziros and Klamet subjected her to a pre-disciplinary interview; and subsequently, on August 19, 2004, she was issued a Letter of Warning, dated August 6, 2004, for Unacceptable Conduct/Conduct Unbecoming a Postal Employee, Failure to Follow Instructions, and Failure to Follow Standard Operating Procedures; (7) on July 29, 2004, Supervisor Ziros told her "we are going to get you one way or another, we're going to get you"; and (8) beginning on December 2003, through the end of July 2004, she was subjected to sexual harassment by Postmaster Perry".

(Docket No. 16-2 at p. 9).

## II. Standard

Under *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct. 1955, 167 L.ED.2d 929, a complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* "In determining the sufficiency of the complaint the court must accept all of plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs." *McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002);

---

[1] The Court notes that the spelling of Supervisor Bartka or Bartko's name is inconsistent in the record.

*Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

While a court's review of a motion to dismiss is ordinarily limited to the contents of the complaint, including any attached exhibits, a court may consider some evidence beyond a complaint on a motion to dismiss "including public records (including court files, orders, records and letter of official actions or decision of government agencies and administrative bodies), documents essential to plaintiff's claim which are attached to defendant's motion, and items appearing in the record of the case." *Core Const. & Remediation, Inc. v. Village of Spring Valley, NY*, No. Civ.A. 06-CV-1346, 2007 WL 2844870, at *2 (E.D. Pa. Sept. 27, 2007) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1380 n.1 and n.2 (3d Cir. 1995)) (internal citation omitted). "In addition, factual allegations within documents described or identified in the complaint may be considered if the plaintiff's claims are based upon those documents. *Woods v. Medlock*, No. 06-1590, 2008 U.S. Dist. WL 123845, at *2 (W.D. Pa. Jan. 9, 2008). A district court may consider these documents, as well as indisputably authentic documents, without converting a motion to dismiss into a motion for summary judgment. *Id*.

In this case, Defendant has properly placed before the Court Exhibit A[2] because Plaintiff references the information contained in this exhibit in her complaint.[3]

---

[2] Exhibit A includes the declaration of Tyonia Solomon, a paralegal specialist who certifies that the additional attachments (1-3) to exhibit A are true and correct copies of the Reports of Investigation of Administrative Discrimination Complaints filed by Tracy A. McDowell.

[3] For example, Plaintiff's factual allegations describing her 2003 and 2004 hostile work environment claims, as stated in her complaint, are also referenced within exhibit A. (Docket

**III.    Analysis**

   **A. Failure to Exhaust Administrative Remedies**

It is well established that a plaintiff claiming employment discrimination must raise and exhaust any administrative remedies provided by the Civil Rights Act of 1964 before instituting an action in Federal District Court. *Brown v. General Services Administration*, 425 U.S. 823, 832 (1976). In order to file a timely claim, a formal complaint of discrimination must be filed with the agency that allegedly discriminated against the complainant within 15 days of receipt of notice of the right to do so. 29 C.F.R. § 1614.106(a). Further, a Title VII claimant must initiate an action in federal court within 90 days of the receipt of the notice of a final agency action or after 180 days from the date of filling the original action when no agency decision has been reached. 42 U.S.C. § 2000e-16(c) (2003). Failure to comply with these procedural requirements is grounds for dismissal of a tardy complaint and constitutes a failure to exhaust all required administrative remedies. See *Donovan v. Henderson, PMG*, 45 Fed. Appx. 178, 179 (3d Cir. 2002); *Johnson v. Gober, Sect'y Dept. Vet. Affairs*, 83 Fed. Appx. 455, 460 (3d Cir. 2003).

Defendant asserts that Plaintiff failed to timely exhaust her administrative remedies for her 2003 and 2004 alleged discriminatory incidents described in her July 29, 2004 complaint to the EEO.[4] Specifically, Defendant states that Plaintiff failed to file a formal complaint of discrimination within 15 days of receiving notice of her right to sue, as well as failing to file a civil action with this Court within 90 days of such notice. (Docket No. 16 at p. 6). Hence, Plaintiff's failure to comply with such procedural limitations renders her 2003 and 2004 allegations time-barred. *Id.*

No. 12 at ¶¶ 1-11; Docket No 16-2 at p. 6).

   [4] See *infra* p. 2 for a description of said incidents.

This Court finds Defendant's argument to be persuasive. Plaintiff initiated an administrative complaint, Agency No. 4C-150-0096-04, as to her 2003 and 2004 claims, which was dismissed on December 7, 2004 by the EEO because she failed to file a formal complaint within 15 days of receiving her notice of the right to do so by the EEO counselor. (Docket No. 16-2 at p. 10). The Court finds the claims made in the administrative complaint parallel the 2003-2004 claims made in the instant suit. In addition, within the EEO dismissal, Plaintiff was advised that the dismissal was a final agency decision, and that she may file a civil action in an appropriate U.S. District Court within 90 calendar days of her receipt of this decision. *Id*. at p. 11. Plaintiff did not file her complaint with this Court until May 18, 2007, well beyond the applicable 90 day time period. (Docket No. 1). Therefore, Plaintiff's 2003 and 2004 discrimination claims are time-barred.

**B. Continuing Violation**

Further, Defendant asserts that a continuing violation theory is inapplicable where the plaintiff was put on notice of her right to file a civil action yet failed to do so. (Docket No. 16 at p.7). In response, Plaintiff argues that her complaint adequately pleads sufficient facts to constitute a continuing violation. (Docket No. 20 at p. 1). Moreover, Plaintiff contends that it is inappropriate to dismiss any of her alleged claims of an ongoing hostile work environment until discovery is complete. *Id.* at p. 5.

This Court does not need to determine whether Plaintiff's 2003 and 2004 claims are in tandem with her 2006 and 2007 allegations of a hostile work environment because they are untimely. *Johnson*, 83 Fed. Appx. 455, 461. In *Johnson*, the Third Circuit held that the district court properly concluded that the plaintiff had waived his hostile work environment claim as well as his workers compensation claim by failing to file a timely appeal within 90 days. *Id.* at 460. In this Court's

5

estimation, in the instant case, the Plaintiff has waived her claim because she was well aware that she could file a civil action pertaining to her 2003 and 2004 hostile work environment discrimination claims, yet failed to act diligently, and did not file in this Court until May 18, 2007. In fact, the Postal Service decision not only references and dismisses her 2003 and 2004 sexual harassment and discipline claims as untimely, but also alerts Plaintiff of the appropriate 90 day time period in which she could have filed a civil action with this Court if she was dissatisfied with the decision. (Docket No. 16-2 at p. 11).

However, despite whether Plaintiff's 2003 and 2004 claims are untimely (which this Court finds), this Court finds that they did not amount to a continuing violation in connection with Plaintiff's later asserted allegations of discrimination in 2006 and 2007. Although Plaintiff argues that her 2003 and 2004 claims are part of an ongoing pattern and practice of discrimination extending until 2006, thereby constituting a continuing violation, this Court determines that the 2003 and 2004 incidents to be more akin to discrete acts of discrimination.

Discrete acts of discrimination include termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, and wrongful accusation. *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (citing *AMTRAK v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 2073. (2002)). "Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *AMTRAK*, 122 S. Ct. at 2072. In determining whether an alleged incident of discrimination associated with a hostile work environment claim constitutes a discrete act versus being part of a ongoing continuing violation, the underlying inquiry is "whether the plaintiff should have asserted her rights and filed with the EEOC within the 300 days, or whether circumstances were such that she

could not know that the conduct complained of would continue. Thus, the theory is seldom applicable where the discriminatory act is a failure to hire, promote, or train." *Rogan v. Giant Eagle, Inc.*, 113 F.Supp.2d 777, 785 (W.D. Pa. 2000). Further, "under *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 482 (3d Cir. 1997), a court should consider three factors when determining whether an employer's actions amount to a continuing violation: 1) subject matter (whether the acts involve the same type of discrimination), 2) frequency (whether the alleged acts recur and over what time period), and 3) permanence (whether the nature of the violations should trigger the employee's awareness of the need to assert his or her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate)". *Aaron Williams v. Rohm and Haas Company*, No. 99-CV-5203, 2003 U.S. Dist. LEXIS 26559, at *23 (E.D. Pa. May 2, 2003). Moreover, "under the third factor, if the discriminatory act was so permanent that the employee was aware or should have been aware that he or she had been subject to unlawful discrimination, the employee must assert his or her rights during the appropriate time period or else those claims are time barred. *Id*. at *23.

Plaintiff's 2003 and 2004 claims of unlawful discrimination center on wrongful discipline, such as an official discussion for leaving her work area, a pre-disciplinary review, and various disciplinary letters. (Docket No 16-2 at p. 9). Plaintiff's earlier claims do not plead continuing violation claims, but rather several discrete acts. The discipline and sex discrimination that Plaintiff complained of in 2003 and 2004 are "discrete personnel actions" that she pursued. However, she failed to comply with procedural requirements to maintain these claims as part of her present suit, thereby rendering these claims untimely. Moreover, Plaintiff's 2003 and 2004 claims of sex discrimination and discipline were dismissed on November 2, 2007 in the Postal Service's final

7

decision. (Docket No. 16-2 at p. 10).

Applying the factors outlined by the Third Circuit, particularly the first and third factors, further demonstrates that Plaintiff's various allegations as to the incidents in 2003 and 2004 represent discrete acts and not one continuous, ongoing violation.[5] Further, "where the continuing violations theory applies, the illegal practice complained of has materialized or become cognizable as such only over time." *Rohm and Haas Company*, 2003 U.S. Dist. LEXIS 26559, at * 21. In the instant case, the fact that Plaintiff filed charges of discrimination with the EEO shows that Plaintiff was well aware and cognizable that she may have been subjected to unlawful discrimination at that time, suggesting that the incidents were permanent and discrete acts rather than continuing violations. Accordingly, the 2003 and 2004 claims pertaining to alleged hostile work environment are dismissed.

**IV.  Conclusion**

For the reasons set forth above, Defendant's Partial Motion to Dismiss [DE 15] is GRANTED WITH PREJUDICE as to Plaintiff's 2003 and 2004 allegations of a hostile work environment. An appropriate order follows.

s/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

Dated January 29, 2008

---

[5] The Court notes that Plaintiff's alleged 2003 and 2004 incidents of sex discrimination and discipline center on conduct undertaken by Supervisor Dawn Ziros, Ms. Bartko and Ms. Perry (Docket No. 16-2 at pp. 6,8,9) where as her 2006 claims of sex discrimination focus on conduct by Postmaster Dan Klein, Supervisor Sue Bartko, Senior Post Office Operations Manager Rocco D'Angelo, District Manager Keith Beppler, Former Postmaster Margo Perry, and Manager Dawn Ziros. (Docket No. 16-2 at p. 18).

cc/ecf: All counsel of record